IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Mitchell Bellamy, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 4:14-3648-RBH-KDW |
| | ) | |
| v. | ) | Report and Recommendation |
| | ) | |
| City of North Myrtle Beach, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Mitchell Bellamy ("Bellamy" or "Plaintiff"), filed this action against his former employer, City of North Myrtle Beach ("Defendant" or "City") in the Court of Common Pleas of Horry County, South Carolina. Defendant removed the matter to this court and filed an answer and Partial Motion to Dismiss, ECF No. 7. Plaintiff's Amended Complaint, ECF No. 1-1, contains the following causes of action: Violation of City Ordinances Concerning Employment; Violation of the South Carolina Wages Act, S.C. Code Ann. § 41-10-10, *et seq.* ("SCWA"); Violation of Article 1 §§ 3 & 22 of the South Carolina Constitution and the 5th and 14th Amendments of the U.S. Constitution; Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.* and the 14th Amendment; Violation of Title VI of the Civil Rights Act, 42 U.S.C. § 2000d ("Title VI"); and Violation of 42 U.S.C. § 2000. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Defendant's Partial Motion to Dismiss, in which it seeks dismissal of all claims except the violation of the SCWA. Def.'s Partial Mot. Dismiss, ECF No. 7. Plaintiff filed a responsive memorandum, ECF No. 8, to which Defendant filed a Reply, ECF No. 9. Having reviewed the parties' submissions and the applicable law, the undersigned recommends that Defendant's Partial Motion to Dismiss, ECF No. 7, be granted.

I.     Background

Plaintiff's initial state-court Complaint, 2013-CP-26-07765B pending in Horry County, South Carolina, was filed in November 2013. *See* Pl.'s Return to Def.'s Mot. Partial Dismiss ("Pl.'s Mem.") 1, ECF No. 8. In September 2014, Plaintiff filed and served Defendant with an Amended Complaint that added "allegations of constitutional violations," *see id.* at 2, and Defendant removed the case to this court on September 15, 2014. ECF No. 1.[1]

In his Amended Complaint, Plaintiff alleges the City wrongfully placed him on administrative leave without pay on August 24, 2011, after being arrested by the Horry County Police Department for receiving stolen property. Am. Compl. ¶¶ 29-31. Criminal charges were dismissed, and Plaintiff returned to work with the City. *Id.* ¶ 42. The City terminated Plaintiff for cause on September 20, 2012. *Id.* ¶ 60. Plaintiff avers that, at the time of his discharge, he had accrued at least 337 hours of accrued and unused vacation hours and holiday time. *Id.* ¶ 62. On September 26, 2012, Plaintiff met with his former immediate supervisor, Richard Vernon, and Assistant City Manager Steven Thomas. According to Plaintiff's Amended Complaint, at that meeting, Thomas advised Plaintiff the City would pay him his accrued and unused vacation hours and holiday leave balances if Plaintiff would sign a release of liability and waiver of claims against the City. *Id.* ¶¶ 64, 65, *see also* Def.'s Mem. Supp. Partial Mot. Dismiss ("Def.'s Mem.") 1, ECF No. 7-1.[2] Plaintiff did not agree to sign such a release and waiver, and he was not paid his accrued, unused leave time. Am. Compl. ¶ 71.

---

[1] Plaintiff does not challenge the propriety of the removal.
[2] In responding to Defendant's Motion, Plaintiff takes issue with Defendant's statements in its Motion that it offered to pay Plaintiff his unused leave in exchange for a release, noting Defendant has denied Plaintiff's allegations to this effect in responsive pleadings and in interrogatory responses. *See* Pl.'s Mem. 1-2, 4-5. The court discusses this argument below.

Plaintiff filed a Charge of Discrimination with the South Carolina Human Affairs Commission ("SHAC") and the U.S. Equal Employment Opportunity Commission ("EEOC") on April 29, 2014, alleging Title VII race discrimination. *See* ECF No. 7-2 at 3. In his Amended Complaint, Plaintiff indicates he notified the EEOC of his potential race-discrimination claim in March 2014. Am. Compl. ¶ 9. In a letter dated May 23, 2014, the EEOC issued Plaintiff a Dismissal and Notice of Rights letter, commonly referred to as a "Right to Sue Letter." ECF No. 7-3 at 1. *See also* Am. Compl. ¶¶ 90-91.

On September 10, 2014, Plaintiff filed an Amended Complaint in a state-court action that had been pending since November 21, 2013. *See* ECF No. 1 at 1, ECF No. 1-1 at 1. Defendant removed the matter to this court on September 15, 2014. ECF No. 1.

II.    Applicable Law

Defendant moves to dismiss all of Plaintiff's claims except the claim brought pursuant to the SCWA. Defendant seeks dismissal of Plaintiff's racial-discrimination-based claims because Plaintiff failed timely to exhaust administrative remedies and applicable statutes of limitation. Defendant also seeks dismissal of Plaintiff's claim for violation of City ordinances concerning employment for failure to state a claim upon which relief can be made. Defendant bases its Motion to Dismiss on Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. In the alternative, Defendant seeks judgment as a matter of law pursuant to Rule 56.

A.    Rule 12(b)(1) and (b)(6)

Defendant moves to dismiss Plaintiff's discrimination claims raised under 42 U.S.C. § 2000, Titles VI, and Title VII pursuant to Federal Rule of Civil Procedure 12(b)(1), alleging the court lacks jurisdiction because Plaintiff failed to exhaust administrative remedies. A plaintiff always bears the burden of demonstrating that subject matter jurisdiction properly exists in

federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). When a defendant challenges subject-matter jurisdiction pursuant to a Rule 12(b)(1) motion to dismiss, the court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004) (citing cases).

Defendant also seeks Rule 12(b)(6) dismissal of Plaintiff's employment claims, including claims brought pursuant to the U.S. and South Carolina Constitutions, as being untimely pursuant to applicable statutes of limitations. Further, Defendant submits Plaintiff's cause of action for violation of City ordinances should be dismissed for failure to state a claim. Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). The court need not accept legal conclusions couched as factual allegations, *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), or "legal conclusions drawn from the facts." *Monroe v. City of Charlottesville,* 579 F.3d 380, 385–86 (4th Cir. 2009) (internal quotation omitted).

Typically, "a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, *see* Fed. R. Civ. P. 8(c), and the burden of establishing the affirmative defense rests on the defendant." *Goodman v. Praxair, Inc.,* 494 F.3d 458, 464 (4th Cir. 2007) (*en banc*). Courts generally do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6). This principle only applies, however, if all facts necessary to the affirmative defense 'clearly appear [] *on the face of the complaint*.'" *Goodman,* 494 F.3d at 464 (quoting *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst,* 4 F.3d 244, 250 (4th Cir. 1993) (emphasis added in *Goodman*); *accord Pressley v. Tupperware Long Term Disability Plan,* 533 F.3d 334, 336 (4th Cir. 2009).

Similarly, although the usual rule is that a court "may not consider any documents that are outside of the complaint, or not expressly incorporated therein," *Clatterbuck v. City of Charlottesville,* 708 F.3d 549, 557 (4th Cir. 2013), a court *may* properly consider documents "attached or incorporated into the complaint," as well as documents attached to the defendant's motion, "so long as they are integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem' l Hosp.,* 572 F.3d 176, 180 (4th Cir. 2009); *see also Anand v. Ocwen Loan Servicing, LLC,* 754 F.3d 195, 198 (4th Cir. 2014); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 448 (4th Cir. 2011). To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains,* gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC,* 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original); *see also New Beckley Mining Corp. v. UMWA,* 18 F.3d

1161, 1164 (4th Cir. 1994) (holding district court did not err in relying on document that plaintiff referred to in its complaint to justify cause of action); *Bowie v. Univ. of Md. Med. Sys.*, No. CIV.A. ELH-14-03216, 2015 WL 1499465, at *6 (D. Md. Mar. 31, 2015) (granting Rule 12(b)(6) dismissal of plaintiff's ADA claim as time-barred and considering the EEOC Charge and Right to Sue Letter as being "integral" to the decision).

B.    Defendant's Alternative Motion for Summary Judgment

Defendant alternatively seeks judgment as a matter of law pursuant to Rule 56. When ruling on a Rule 12(b)(6) motion, if considering documents not in the pleadings or motion to dismiss (to the extent noted above), the court must convert the proceeding to one for summary judgment. Fed. R. Civ. P. 12(d). But, conversion of a motion to dismiss to one for summary judgment requires that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

Here, Plaintiff references his communications with the EEOC in his Amended Complaint. *See* Am. Compl. ¶¶ 9, 90-91. Defendant attaches Plaintiff's EEOC Charge and the Right-to-Sue Letter to its Motion to Dismiss. These documents are integral to at least a portion of the court's consideration of the Rule 12 Motion and their authenticity is not in dispute. Accordingly, the court may consider them without converting Defendant's Motion into one for summary judgment. Defendant also attaches a copy of its Personnel Manual to the Motion to Dismiss. ECF No. 7-4. The court does not consider it in ruling on the Rule 12 Motion now before it and declines to consider Defendant's Motion pursuant to Rule 56.

III.    Analysis

Defendant argues that each of Plaintiff's employment-related claims (not including the SCWA and violation-of-city-ordinances claim) should be dismissed as untimely based on applicable regulatory and statutory law. Defendant seeks dismissal of Plaintiff's claims

concerning violation of city ordinances because there is no private right of action. To the extent possible, the court addresses issues as presented by Defendant in its Motion.

A.    Claims Brought Pursuant to Title VII, Title VI, and 42 U.S.C. § 2000

Defendant first argues that Plaintiff's claims brought pursuant to Title VII, Title VI, and 42 U.S.C. § 2000 are barred based on Plaintiff's delay in raising those claims, arguing Plaintiff was on notice of potential claims as of the date of his September 20, 2012 termination. Def.'s Mem. 5-7. Plaintiff disagrees, arguing he was not on notice of potential discrimination claims until February 7, 2014, when Defendant "admitted that one or more Caucasian employees of [Defendant] who were terminated for cause from employment by the City in the years 2010, 2011, 2012, or 2013 were paid for Wages that they had accrued without signing a release." Pl.'s Mem. 6-7 (footnotes omitted); *see also* Am. Compl. ¶ 8 (alleging he was inquiry notice of possible discrimination in February 2014 based on Defendant's responses to discovery requests). Plaintiff also argues he is entitled to equitable relief from any untimely filing. Pl.'s Mem. 7-12.

1.    Title VII[3]

Defendant seeks dismissal of Plaintiff's Title VII and Title VI claims on grounds that Plaintiff did not timely exhaust administrative remedies. Def.'s Mem. 5-7. Plaintiff does not dispute that exhaustion of Title VII claims is required, but argues there is an issue of fact as to when the time period for filing his charge began. Relatedly, Plaintiff argues the administrative-filing-time requirement should be equitably tolled for him. Pl.'s Mem. 5-12.

a)    *Title VII Exhaustion Requirements*

---

[3] The court discusses Defendant's arguments regarding Plaintiff's Title VI claim separately below.

Before filing suit under Title VII, a plaintiff must exhaust her administrative remedies by bringing a charge with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e–5(f)(1); *see Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009) (citing 42 U.S.C. § 2000e–5(f)(1)). The filing of an administrative charge "is not simply a formality to be rushed through so that an individual can quickly file his subsequent lawsuit." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005). Rather, "the charge itself serves a vital function in the process of remedying an unlawful employment practice." *Balas v. Huntington Ingalls Indus., Inc.,* 711 F.3d 401, 407 (4th Cir. 2013). In particular, "[t]he exhaustion requirement ensures that the employer is put on notice of the alleged violations so that the matter can be resolved out of court if possible." *Miles v. Dell, Inc.*, 429 F.3d 480, 491 (4th Cir. 2005); *see Balas*, 711 F.3d at 406-07 (noting exhaustion of EEOC administrative process "notifies the charged party of the asserted violation" and "brings the charged party before the EEOC and permits effectuation of the [Civil Rights] Act's primary goal, the securing of voluntary compliance with the law") (citations and quotation marks omitted).

With respect to timing, Title VII establishes "two possible limitation periods for filing a discrimination charge with the EEOC." *Jones*, 551 F.3d at 300 (explaining that the basic limitations period is 180 days after the alleged unlawful employment practice, but can be extended to 300 days if state law proscribes the alleged employment practice and the charge is first filed with a state deferral agency); *see id.; see also Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 439 (4th Cir. 1998). South Carolina is a "deferral state" in which the 300-day limitations period applies in certain circumstances (such as this one in which a claim was filed with the state agency).

When a charge is filed with the EEOC in a deferral jurisdiction such as South Carolina, the EEOC must refer the charge to the deferral agency and typically must afford that agency "a reasonable time, but not less than sixty days" to act under the state law to "remedy the practice alleged." 42 U.S.C. § 2000e-5(d). After expiration of the deferral period, the EEOC must notify the employer against which the charge has been alleged, and the EEOC is to investigate the charge to determine whether reasonable cause exists to believe unlawful discrimination has taken place. 42 U.S.C. § 2000e-5(b). If the EEOC finds such reasonable cause, it is to "endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion." *Id.* If conciliation is not successful, however, the EEOC may initiate litigation. 42 U.S.C. § 2000e-5(f)(1). Conversely, if the EEOC does not find reasonable cause exists, it must dismiss the charge. 42 U.S.C. § 2000e-5(b).

In the event the EEOC dismisses a charge of discrimination or if it has neither filed suit against the employer nor achieved a conciliation agreement within 180 days after either (1) the charge is filed, or (2) the 60-day reference period in a deferral jurisdiction expires, whichever is *later*, the EEOC must give notice to the complainant of the complainant's right to file suit. *See* 42 U.S.C. § 2000e–5(f)(1). This notice to the complainant is commonly referred to as a "right to sue letter." *See generally EEOC v. Propak Logistics, Inc.*, 746 F.3d 145, 148 (4th Cir. 2014) (noting EEOC's "issuance of a 'right to sue' letter allows an individual to initiate a private Title VII lawsuit in federal court.") (citing *Davis v. N.C. Dept. of Corr.*, 48 F.3d 134, 138 (4th Cir. 1995)). A complainant has 90 days to file suit in federal or state court after being notified of the right to sue. *See* 42 U.S.C. § 2000e–5(f)(1).[4] The Fourth Circuit Court of Appeals has defined "receipt of, or at least entitlement to, a right-to-sue letter" as a "jurisdictional prerequisite that

---

[4] Here, Defendant does not argue that Plaintiff failed to timely file his Amended Complaint subsequent to obtaining the right-to-sue letter.

must be alleged in a plaintiff's complaint." *Davis,* 48 F.3d at 140 (citing *United Black Firefighters of Norfolk v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979)).[5]

Defendant seeks dismissal of Plaintiff's Title VII claim because he did not timely file his Charge with the EEOC. As both parties recognize, Def.'s Mem. 5-7, Pl.'s Mem. 5-6, the *timely* filing of an administrative charge "is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (emphasis added); *see also Jones*, 551 F.3d at 300 n.2. Similarly, the requirement of filing suit within 90 days of receipt of a right-to-sue letter is non-jurisdictional and subject to equitable tolling. *Cf. Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 F. App'x 314, 320-21 (4th Cir. 2011) (noting in ADA context that the "90-day filing requirement is "not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." (quoting *Laber v. Harvey,* 438 F.3d 404, 429 n.25 (4th Cir. 2006) (internal quotation omitted).[6]

### b)     *Plaintiff's Title VII claims are untimely.*

Here, Plaintiff submitted a charge to SHAC and the EEOC, making the 300-day limitations period applicable. The question becomes when the 300-day filing period begins to run. The following dates as set out by the parties are instrumental to this analysis.

- September 26, 2012:

  - Defendant terminated Plaintiff for cause (undisputed).
  - Defendant argues charge-filing-period begins.

---

[5] Some Fourth Circuit precedent explains that a claimant may initiate a Title VII suit "based on the Title VII claims made in her EEOC charge only after receipt of a right-to-sue letter." *Puryear v. Cnty. of Roanoke*, 214 F.3d 514, 518 (4th Cir. 2000) (citing 42 U.S.C. § 2000e–5(f)(1)).

[6] As whether a charge or suit was *timely* filed is not jurisdictional, the court considers it pursuant to Rule 12(b)(6), not Rule 12(b)(1).

- November 21, 2013:

  - Plaintiff files suit in state court, alleging no federal claims.

- February 7, 2014:

  - In responding to Plaintiff's requests for admissions in the state case, Defendant "admitted that one or more Caucasian employees of the City who were terminated for cause from employment by the City in the years 2010, 2011, 2012, or 2013 were paid for Wages that they had accrued without signing a release." Pl.'s Mem. 6-7 (citing Def.'s Answer to Pl.'s Second Request to Admit #9) (footnote omitted).[7]
  - Plaintiff alleges he was on "inquiry notice" of discrimination at this time. Am. Compl. ¶ 8.

- March 2014:

  - Plaintiff notified the EEOC of race discrimination. *Id.* ¶ 9.

- March 13, 2014:

  - Plaintiff filed motion to amend complaint in state court. *See* Pl.'s Mem. 7.

- April 29, 2014:

  - Plaintiff signs EEOC Charge alleging Title VII claim of race discrimination, noting date of discrimination was September 28, 2012. ECF No. 7-2 at 3.

- May 23, 2014:

  - EEOC issues Right-to-Sue Letter to Plaintiff. ECF No. 7-3 at 2; *see* Am. Compl. ¶ 91. The EEOC advised Plaintiff it was closing its file regarding his Charge because "[his] charge was not timely filed with the EEOC; in other words, [he] waited too long after the date(s) of the alleged discrimination to file your charge." ECF No. 7-3 at 2.

- June 18, 2014:

  - Plaintiff alleges he received "actual notice" of race discrimination at this time. Am. Compl. ¶ 10.
  - Defendant responds to Plaintiff's interrogatories propounded in state court, denying that Plaintiff was "entitled to be paid any accrued vacation hours under

---

[7] The record does not include a copy of these discovery responses; however, Defendant does not take issue with Plaintiff's statement.

11

the terms of his employment with the City, and that those vacation hours were not due to the Plaintiff.") Pl.'s Mem. 1-2 (citing Def.'s June 18, 2014 Am. Answers to Interrogs. ¶ 17).[8]

- August 19, 2014:

    o State court granted Plaintiff's motion to amend his complaint. Pl.'s Mem. 7.

- September 10, 2014:

    o Plaintiff files Amended Complaint in state court action, adding federal and constitutional claims.

Defendant argues that, as a matter of law, Plaintiff was on notice sufficient to begin the time for him to file a charge as of the date he was terminated: September 20, 2012. Because Plaintiff indisputably did not file a charge until April 29, 2014, his charge was not timely filed, making dismissal of his Title VII claim appropriate. Def.'s Mem. 6-7. Particularly, Defendant argues Plaintiff was put on "inquiry notice" for purposes of Title VII "[a]t the time he was informed that he had to sign a release to receive his unused annual leave[.]" *Id.* at 7.

Plaintiff argues that summary judgment is inappropriate because Defendant's argument that he was on "inquiry notice" is based on issues of fact raised by Defendant. Pl.'s Mem. 5. Plaintiff seems to argue that this issue of fact was created by Defendant itself because, prior to filing this Motion, Defendant had denied the substance of the allegations regarding what transpired in the meeting between Plaintiff and the Assistant City Manager. *Id.* at 4. Plaintiff refers to Defendant's Answer to the Amended Complaint in which it denied the paragraph that averred the Assistant City Manager "conditioned any offer to pay [Plaintiff] his accrued and unused vacation hours and holiday leave balances upon the execution by [Plaintiff] of a signed [] release of liability and waiver of claims against [Defendant]." *Id.* at 2 (citing Am. Compl. ¶ 33).

---

[8] These discovery responses are not before the court, nor has Plaintiff explained if or how they potentially would be related to his having received "actual notice" of Defendant's race discrimination. *Cf.* Am. Compl. ¶ 10.

Plaintiff cites no case law to support his argument that a defendant, by setting out facts as alleged by the nonmoving party for purposes of a motion to dismiss somehow creates issues of fact that would then preclude summary judgment. This argument ignores one of the fundamental precepts of motions to dismiss—*i.e.*, that all facts alleged in the pleadings are accepted as true. *See Erickson*, 551 U.S. at 94 (When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint.").[9]

Here, Plaintiff's claim of disparate treatment under Title VII is premised on Defendant's conditioning his receipt of accrued, unused vacation and holiday hours on his signing a release of liability. He avers this happened on September 26, 2012. Am. Compl. ¶¶ 64, 65. For purposes of this Rule 12(b)(6) Motion, the court (and Defendant) must accept these facts as true. Plaintiff cannot defeat Defendant's Motion based solely on the argument that Defendant has suddenly created an issue of fact on this point by accepting it as true for purposes this Motion. Defendant's factual recitation for purposes of its Rule 12 Motion does not defeat that Motion.

Plaintiff also argues he was unaware of his potential claim as of September 26, 2012, and makes several arguments for why his Title VII claim should not be considered untimely.

As an initial matter, to the extent Plaintiff argues the "discovery rule" makes his Title VII charge timely, such argument fails based on applicable law. Even assuming the facts would support such an argument, the relevant date for running of the period to file a charge is the date the employment act took place, not the date the employee discovered he was treated differently. *See Hamilton v. 1st Source Bank,* 928 F.2d 86, 90 (4th Cir. 1990) (*en banc*) (holding that statute

---

[9] Conversely, though, the court is not bound to accept as true legal conclusions couched as factual allegations, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), such as Plaintiff's pleading that he "was put on inquiry notice" of discrimination in February 2014, or that he notified the EEOC of his discrimination claim "within 180 days of receiving inquiry notice of the discrimination[,]" Am. Compl. ¶¶ 8, 9.

of limitations for ADEA claim, which contains virtually identical language to 42 U.S.C. § 2000e–5(e)(1), began to run from time of alleged discriminatory act and not from time employee discovered or should have discovered that he was a victim of discrimination); *see also Cartee v. Wilbur Smith Assocs., Inc.,* C.A. No. 3:09–1974–JFA-PJG, 2010 WL 1052198, at *4 (D.S.C. Feb. 3, 2010) (holding "the precedent of this circuit compels the conclusion that the discovery rule cannot be used to assert a Title VII claim when the administrative charge was filed more than 300 days after the discrete act of termination occurred"), *adopted by* 2010 WL 1052195 (D.S.C. Mar. 22, 2010); *Keeshan v. Eau Claire Co-op. Health Centers, Inc.,* C.A. No. 3:05–3601–MBS, 2007 WL 2903962, at *4 n.2 (D.S.C. Oct. 2, 2007) (holding that for Title VII purposes, "[t]he limitations period runs from the time of the allegedly discriminatory personnel action, not from the discovery of the alleged discrimination").

Failure to file a timely Title VII charge, though, is "subject to waiver, estoppel, and equitable tolling." *Zipes,* 455 U.S. at 393. The Fourth Circuit Court of Appeals has admonished that the equitable exceptions to the statutory limitations period "should be sparingly applied, however." *English v. Pabst Brewing Co.,* 828 F.2d 1047, 1049 (4th Cir. 1987) (in employment case alleging age discrimination). As the court explained, "The certainty and repose these [limitations] provisions confer will be lost if their application is up for grabs in every case." *Id.*

"Equitable tolling applies where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." *English*, 828 F.2d at 1049 (citing *Lawson v. Burlington Indus.,* 683 F.2d 862, 864 (4th Cir. 1982); *Cerbone v. Int'l Ladies' Garment Workers' Union,* 768 F.2d 45, 48 (2d Cir. 1985); *Meyer v. Riegel Prods. Corp.,* 720 F.2d 303, 307–08 (3d Cir. 1983)). As noted by Plaintiff, "[t]he doctrine applies when an employer's reliance on the applicable statute of limitations would be inequitable because the

employer wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action." Pl.'s Mem. 8 (citing *Olson v. Mobile Oil Corp.*, 904 F. 2d 198, 201 (4th Cir. 1990)).

Having considered the parties' arguments, the undersigned is of the opinion that equitable tolling does not operate to excuse Plaintiff's delay in filing his Title VII charge. To invoke equitable tolling, Plaintiff would need to show that Defendant attempted to mislead him and that Plaintiff reasonably relied on the misrepresentation by neglecting to file a timely charge. *English*, 828 F.2d at 1049. Plaintiff notes he was told at the September 2012 meeting that, based on City policy, he would not receive accrued leave unless he signed a release. Am. Compl. ¶ 65, *see* Pl.'s Mem. 6. Plaintiff argues that he was not told at that time that other employees had received payment for those hours without signing releases, Pl.'s Mem. 6, intimating the City was required to provide him with that particular information at the time of his termination.

This vague argument falls short of demonstrating Defendant was intentionally trying to mislead Plaintiff to conceal a potential action. "Equitable tolling is a 'narrow limitations exception' that is to be used sparingly." *Belton v. City of Charlotte,* 175 F. App'x 641, 653 (4th Cir. 2006) (quoting *Olson,* 904 F.2d at 201 (*en banc*)). Equitable tolling may be applied only when an employer has "'wrongfully deceived or misled the plaintiff in order to conceal the existence of the cause of action.'" *Olson,* 904 F.2d at 201 (quoting *English,* 828 F.2d at 1049). Plaintiff alleges no such facts, other than to suggest Defendant should have provided detailed information as to the personnel actions of others at the time it terminated Plaintiff. That simply is not the law.

Plaintiff notes that he learned of a potential action when he received discovery responses in February 2014 from Plaintiff as to other claims. Am. Compl. ¶ 8. He does not aver Defendant purposefully kept Plaintiff from learning such information through discovery (or otherwise)

during the 300 days after his termination that he had to submit an administrative charge. Equitable tolling is inappropriate on these facts. Plaintiff's Cause of Action for "Violation of Title VII, Civil Rights Act & 14th Amendment to the United States Constitution," Am. Compl. ¶¶ 87-97,[10] should be dismissed as it is untimely.

B.     Title VI[11]

In its Motion to Dismiss, ECF No. 7, Defendant seeks dismissal of Plaintiff's Title VI claim, *inter alia*, because the claim is "barred by the applicable one-year statute of limitations." Without separate discussion in its Memorandum, Defendant includes Plaintiff's Title VI claim as one that should be dismissed because he did not timely exhaust administrative remedies. *See* Def.'s Mem. 5-7. In his response, Plaintiff does not separately discuss the timeliness of his Title VI claim, but notes the *Martin* case found both Titles VI and IX borrowed the one-year statute of limitations from South Carolina's employment law. Pl.'s Mem. 10-11 (referencing *Martin v. Clemson Univ.*, 654 F. Supp. 2d 410, 422 (D.S.C. 2009)). Accordingly, the court considers the timeliness of Plaintiff's Title VI claim in conjunction with arguments below concerning timeliness based on that one-year statute of limitations.

---

[10] Plaintiff has not established a separate cause of action based on the 14th Amendment. In any event, any such claim would also be time-barred for the reasons discussed within regarding his other constitutional-based claims.

[11] Title VI provides:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C.A. § 2000d (West).

C.      Claim Brought Pursuant to 42 U.S.C. § 2000

Defendant does not address Plaintiff's claim brought under "42 U.S.C. § 2000" other than in an argument subheading, Def.'s Mem. 5, nor does Plaintiff reference the substance of any claim brought pursuant to "42 U.S.C. § 2000" in his response. Review of Plaintiff's claim for "Violation of 42 U.S.C. § 2000" reveals it is not so much of a separate cause of action as a statement of the types of damages to which he claims entitlement. *See* Am. Compl. ¶¶ 105-08 (claiming entitlement to two years of back pay, compensatory, and punitive damages). Plaintiff seeks the court's ruling that Defendant "has violated 42 U.S.C. § 2000" and is entitled to damages pursuant to 42 U.S.C. § 1981a. Am. Compl. ¶ 108. This claim does not appear to be a viable separate cause of action; rather, it seems generally to seek Title VII liability. Accordingly, the undersigned recommends dismissal of Plaintiff's claim for "Violation of 42 U.S.C. § 2000," Am. Compl. ¶¶ 105-08, for failure to state a separate plausible claim.

D.      Plaintiff's Title VI and Constitutional Claims

Defendant argues Plaintiff's claims brought pursuant to the U.S. Constitution and South Carolina Constitution should also be dismissed as untimely based on the one-year statute of limitations contained in S.C. Code Ann. § 1-13-90. Def.'s Mem. 7-8 (*citing Martin v. Clemson Univ.*, 654 F. Supp. 2d 410 (D.S.C. 2009)). In considering the statute of limitations applicable to a Title VI claim, the *Martin* court noted that neither Title VI nor Title IX contained a separate statute of limitations, making it appropriate for the court to borrow the statute of limitations from "the most analogous state law and apply that limitations period" to the Title VI and IX claims. 654 F. Supp. 2d at 429; *see also id* at 421. The court considered potentially applicable statutes and determined the one-year statute of limitations contained in the South Carolina Human Affairs Law, S.C. Code Ann. § 1-13-90(d)(6), is applicable. *Id.* at 421, 429-33.

Here, Defendant argues that this same statute applies to Plaintiff's employment-related claims brought under portions of the state and federal constitutions. Def.'s Mem. 7-8; *see also* Def.'s Mot. 1, ECF No. 7 (moving for dismissal of Title VI claims, *inter alia*, based on one-year statute of limitations). The undersigned agrees. South Carolina's law was passed by the South Carolina Legislature specifically to address claims of discrimination occurring in South Carolina, including discrimination based on race, *see* S.C. Code Ann. § 1-13-80(A), making it the most analogous state statute to Plaintiff's employment-related claims without separate statutory or regulatory periods of limitations sounding in the South Carolina and U.S. Constitutions. The South Carolina Human Affairs Law provides that a claimant may file a lawsuit "within one year from the date of the violation alleged." *See* S.C. Code Ann. § 1-13-90(d)(6).[12]

Defendant submits that the one-year limitations period began to run within one year of September 2012. Because the Amended Complaint was not filed until September 2014, Defendant argues these claims are untimely. Def.'s Mem. 8.

Plaintiff does not dispute the general premise that employment-based claims are governed by the one-year statute. Rather, he notes the *Martin* decision did not include any discussion of equitable tolling, resubmitting his arguments regarding tolling. Pl.'s Mem. 10-12. Plaintiff also compares his relative sophistication with that of the plaintiff in *Martin*, intimating that when he, a janitor, would be considered to have notice might be different from that of Martin, a university professor. *Id.* at 11. However, the date on which a plaintiff should have been

---

[12] The South Carolina limitations statute provides in pertinent part as follows:

> The action must be brought within one year from the date of the violation alleged, or within one hundred twenty days from the date the complainant's charge is dismissed, whichever occurs earlier, except that this period may be extended by written consent of the respondent.

S.C. Code Ann. § 1-13-90(d)(6).

on notice of his cause or causes of action is an objective question. *Graham v. Welch, Roberts & Amburn, LLP,* 743 S.E.2d 860, 862 (S.C. Ct. App. 2013). A reviewing court "must decide whether the circumstances of the case would put a person of common knowledge and experience on notice that some right of his has been invaded, or that some claim against another party might exist." *Bayle v. S.C. Dep't of Transp.,* 542 S.E.2d 736, 740 (S.C. Ct. App. 2001) (internal citations omitted). In this regard, "[t]he statute is not delayed until the injured party seeks advice of counsel or develops a full-blown theory of recovery; instead, reasonable diligence requires a plaintiff to act with some promptness." *Kelley v. Logan, Jolley, & Smith, LLP,* 682 S.E.2d 1, 4-5 (S.C. Ct. App. 2009) (internal citation and quotation marks omitted). As such, the relative sophistication of Plaintiff is of no moment here.

For the reasons discussed above, equitable tolling is inapplicable, and Plaintiff's claims raised under the U. S. and South Carolina Constitutions should be dismissed as untimely. For the same reasons, Plaintiff's Title VI claim is untimely and should be dismissed.

E.      Violations of Ordinances Concerning Employment

Finally, Defendant seeks dismissal of Plaintiff's First Cause of Action: "Violations of City Ordinances Concerning Employment." Am. Compl. ¶¶ 22-52 (setting out portions of City's personnel manual and ways it allegedly was violated as to Plaintiff in 2011 and 2012). The gist of Defendant's initial argument is that Plaintiff has no private right of action against it for alleged violations of procedures in its personnel manual. *See* Def.'s Mem. 8-10. In response, Plaintiff indicates he does not seek to create a new private right of action. Pl.'s Mem. 13. Plaintiff explains that he seeks to hold Defendant liable pursuant to the South Carolina Tort Claims Act ("SCTCA") for violation of "City Ordinance 1-9." Pl.'s Mem. 13 (citing Ordinance 1-9). Citing to the Amended Complaint, Plaintiff explains that he seeks the court's order "finding that the

Defendant acting through its agents or officers failed to comply with City Ordinances concerning the administration of the City's personnel policies as set forth in the City's Personnel Manual, and thereby caused the Plaintiff proximate loss and damage." Pl.'s Mem. 13 (citing Am. Compl. Prayer for Relief ¶ A).

However, as noted by Defendant, the SCTCA does not itself create a new right of action against a government entity. *See Moore v. Florence Sch. Dist. 1*, 444 S.E. 2d 498, 500 (S.C. 1994).[13] It is difficult to characterize Plaintiff's argument in any other manner than to use the SCTCA to establish an actionable claim specific to him for which he seeks damages in any other manner. Plaintiff's claim for Violation of City Ordinances Concerning Employment should be dismissed as it fails to state a plausible claim.

IV.    Remaining State Statutory Claim

If the court accepts this Report and Recommendation, the only claims within the court's jurisdiction will be dismissed and the only remaining claim will be one under the South Carolina Wages Act.[14] Without the claims discussed within, jurisdiction over Plaintiff's sole remaining claim is based on the court's supplemental jurisdiction. Section 1367(c)(3) of Title 28 of the United States Code provides that the district courts "may decline to exercise supplemental jurisdiction [as to claims forming the same case or controversy as those within the court's original jurisdiction] if the district court has dismissed all claims over which it has original jurisdiction[.]" Trial courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v.*

---

[13] The court further notes that the SCTCA is a limited waiver of governmental immunity, S.C. Code Ann. § 15-78-20(a), and has expressly excepted liability for "a loss resulting from . . . compliance with any law . . . including but not limited to, any . . . ordinance, resolution, rule, regulation, or written policies[,]" *id.* at § 15-78-60(4).

[14] Diversity jurisdiction does not exist as both Plaintiff and Defendant are in Horry County, South Carolina. *See* Am. Compl. ¶¶ 1, 3.

*Cahill,* 58 F.3d 106, 110 (4th Cir. 1995) (district court did not abuse its discretion in declining to retain jurisdiction over the state law claims). *See also, e.g., United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726–27 (1966); *Morrow v. Carolina Urologic Research Ctr., LLC,* No. 4:13-CV-695-RBH, 2014 WL 4825390, at *1 (D.S.C. Sept. 24, 2014) (declining to exercise supplemental jurisdiction over remaining state-law claims upon dismissal of federal claims); *Wauben v. Protega (USA), Inc.,* No. 2:05–2780–PMD–RSC, 2007 WL 775614, at *14 (D.S.C. Mar. 9, 2007) (declining to exercise supplemental jurisdiction over state-law claims upon granting summary judgment as to Title VII claim).

Therefore, the undersigned recommends the court exercise its discretion to decline supplemental jurisdiction over Plaintiff's claim under the SCWA and remand the matter to the Horry County Court of Common Pleas.

V.    Conclusion and Recommendation

For the reasons set forth above, the undersigned recommends Defendant's Partial Motion to Dismiss, ECF No. 7, be *granted*.

It is further recommended that this matter be remanded to state court for further proceedings.

IT IS SO RECOMMENDED.

June 4, 2015                                         Kaymani D. West
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**