UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Mitchell Bellamy, ) | Civil Action No.: 4:14-cv-03648-RBH |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| City of North Myrtle Beach, ) | |
| ) | |
|     Defendant. ) | |
| _____) | |

Plaintiff Mitchell Bellamy filed this employment action against Defendant City of North Myrtle Beach in the Court of Common Pleas of Horry County, South Carolina. *See* ECF No. 1, Attachment 1 at 2-20. The lawsuit arose from Plaintiff's termination from his employment with Defendant. *Id.* at 2. Defendant removed the case to federal court, *see* ECF No. 1, and filed a partial motion to dismiss. *See* ECF No. 7. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina. *See* R & R, ECF No. 22. The Magistrate Judge recommends the Court grant Defendant's partial motion to dismiss, ECF No. 7, and remand this case to state court for further proceedings. R & R at 21.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Neither party has filed objections to the R & R. In the absence of objections to the R & R, the

Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court adopts the R & R of the Magistrate Judge [ECF No. 22] but makes the following modifications. First, the Court grants Defendant's partial motion to dismiss only to the extent it seeks dismissal of all of Plaintiff's federal law claims, specifically Plaintiff's claims for (1) violations of the Fifth and Fourteenth Amendments of the United States Constitution, (2) violations of Titles VI and VII of the Civil Rights Act of 1964,[1] and (3) violations of 42 U.S.C. § 2000, *et seq*. Second, the Court declines to exercise supplemental jurisdiction over any alleged state law claims, and therefore remands the case to state court for further proceedings regarding Plaintiff's alleged state law claims for (1) violation of city ordinances concerning employment, (2) violation of Article I, §§ 3 and 22 of the South Carolina Constitution, and (3) violation of the South Carolina Payment of Wages Act.[2]

**IT IS THEREFORE ORDERED** that Defendant's partial motion to dismiss [ECF No. 7] is **GRANTED** and that this case is **REMANDED** to state court for further proceedings regarding Plaintiff's state law claims.

**IT IS SO ORDERED.**

---

[1]     42 U.S.C. §§ 2000d and e.

[2]     S.C. Code §§ 41-10-10 to -110 (Supp. 2014).

Florence, SC  s/ R. Bryan Harwell
June 30, 2015  R. Bryan Harwell
United States District Judge